By the Court :
The lessor of the plaintiff has the first entry, and the eldest, patent, he must, therefore, recover, if his patent covers the land in the possession of the defendant, or any part of it.
The southwest, or beginning corner of Bussell’s survey, under which the plaintiff claims, is sufficiently established. The south boundary line, running east from that corner, is also proved. The plaintiff’s patent calls to run from the beginning, east, two- hundred sixty-six and two-third poles to a sugar and ash. He now claims by a line, four hundred and eighty poles, to a hickory, beech, and oak. His third corner called for is two beeches and an ash. The corner which he now claims is two hickories and a beech.
It is in evidence that when the defendant made his entry, he went to the beginning corner of Eussell and traced the south-boundary, for the purpose of ascertaining the lines of his survey, but not being able to find any corner answering the calls of his-location, he run from the beginning, the distance called for by Bussell, and made a corner from which he made his own entry. Bussell’s survey contains the quantity called for, without interfering with the entry of the defendant; but the corner, he now wishes to establish, will include the whole of the defendant’s entry. Some of the witnesses say that the corners, now claimed by the-plaintiff, have been considered in the neighborhood, for many *267 years, as the original corners of Russell’s survey. It also appears from the connected plat that the two hickories and beech claimed by the plaintiff as his third or northeast ^corner, must have been made as a corner lor Muhlenburgh’s survey of eleven hundred and twenty acres, and not as a corner for the survey of Russell. This appears to be the substance of the testimony, as far as-it appears to be in any way material, and we are clearly of opinion that it does not establish either the second or third comer of Russell’s survey, without which it is impossible to say that his patent, covers any part of the land claimed or occupied by the defendant. The attempt to establish those corners by reputation might have been successful, if the testimony did not contradict the presumption arising from the neighborhood opinion that has been stated. It is evident that the persons, who considered them as-belonging to the plaintiff’s survey, must have been ignorant of the calls of that survey. If they had known that the southeast corner was a sugar and an ash, and the northeast corner two beeches and an ash, they could not have believed that the hickory, oak, and beech in the one case, and the two hickories and beech in the other, were those corners. If corners can be identified and proved by such evidence,-the record testimony, which the land laws have provided for, must yield to neighborhood reports, and certainty and precision must be dispensed with.
When corners are lost they maybe proved by reputation. Witnesses may be examined to show that a corner once existed; that it has been destroyed, and that it corresponded with the call of the entry or survey; but they can not be allowed to substitute one corner for another, or to contradict the evidence which is of record. They can not change a sugar tree to a hickory, or an ash to a beech.
The length of the first line, and the numbers of acres contained in the entry, are strong corroborating circumstances in support of the conclusion that the corners claimed are not the corners called for. By the survey Russell’s south line is two hundred and sixty-six poles and a fraction of a pole ; that line, as he now claims it, is four hundred and eighty poles, almost double the distance in the patent, and the quantity of land which he demands exceeds the quantity for which he has a patent in the same proportion. These facts, we admit, are not conclusive. In the Virginia military district it generally happens that the lines are longer, and the number of *268 acres greater than the calls of the patent, *but it rarely happens that the discrepancy is so great as in the present case; .•■and although these facts would not be sufficient to reject a corner, in other respects sufficiently proved, yet they afford a sufficient ground to reject a claim for a corner, supported only by neigbbor-hood opinion, and particularly so when that opinion contradicts 'the survey.
The fact that the hickory, ash, and beech are in the line of ■Muhlenburgh’s survey, and are called for as a corner for that survey, in the absence of all proof that such a corner belongs to Russell’s survey, confirms the conclusion heretofore drawn.
It is admitted that course and distance must give way to natural -objects, but this rule has its limits, and must be used with sound discretion. When a natural object is distinctly called for and satisfactorily proved, it becomes a landmark not to be rejected, because the certainty which it affords excludes the probability of ■mistake, while course and distance depending for their correctness on a great variety of circumstances, are constantly liable to be incorrect. Difference in the instruments used, and in the care of surveyors and their assistants, must lead to different results. Hence it is that this rule has been established. But in the case before us, the natural objects called for have not been proved. If the plaintiff had established his sugar and ash corner in or near the direction of his first course, and the hickory and beech corner in or near the course of his second line, those corners must have been sustained, although they might have varied from the course and distance in the patent, provided that variance were not too great to be ascribed to the causes just mentioned. But when the -corner claimed by a party has no similitude to the one he has made and recorded as his landmark, he can not aid himself by resorting to this rule. He must be governed by the converse of it, that when there is not an object called for and proved, varying from his course and distance, he must make his corner where course and distance lead him.
Other grounds were taken in the argument, but we consider it unnecessary to pursue them. The plaintiff has failed to establish his second and third corners, and is therefore confined to his course and distance, which do not interfere with the land claimed .and possessed by the defendant.
Judgment for defendant.